IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-02555-DDD-NRN

NATHANIEL J. HARVEY,

Plaintiff,

v.

OFFICER RAVEN SACCAMANNO,

Defendant.

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 96)**

---

**N. REID NEUREITER
United States Magistrate Judge**

This prisoner civil rights case is before the Court pursuant to an Order, ECF No. 100, issued by Judge Daniel D. Domenico referring Defendant Raven Saccomanno's[1] Motion for Summary Judgment ("Motion"), ECF No. 96. Plaintiff Nathaniel Harvey filed a Response on August 4, 2026, ECF No. 103, and Defendant Saccomanno filed a Reply on September 14, 2026, ECF No. 111. The Court has taken judicial notice of the docket and considered the applicable Federal Rules of Civil Procedure and case law. Now, being fully informed and for the reasons discussed below, the Court **RECOMMENDS** that the Motion, ECF No. 96, be **DENIED**.

[1] Defendant Saccomanno's name is spelled incorrectly in the case caption.

## I. BACKGROUND

Plaintiff is a prisoner in the custody of the Colorado Department of Corrections ("CDOC") and is housed at the Centennial Correctional Facility ("CCF"). ECF No. 103 at 1. Plaintiff proceeds pro se and brings a single claim under 42 U.S.C. § 1983 against Defendant Saccomanno, a correctional officer at CCF, in her individual capacity. *Id.* He alleges that Defendant Saccomanno sexually assaulted him in the fourth week of June 2024 in violation of the Eighth Amendment, and he seeks compensatory and other damages. *Id.* at 1–2.

Defendant Saccomanno filed the present Motion on July 13, 2026. ECF No. 96. She argues that Plaintiff's Eighth Amendment claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because Plaintiff was convicted in a CDOC disciplinary proceeding of sexually harassing Defendant Saccomanno. Defendant Saccomanno also argues that Plaintiff's version of events is too implausible to be believed—in part because Plaintiff made inaccurate statements at his disciplinary hearing—and that she is entitled to qualified immunity.

## II. STATEMENT OF MATERIAL FACTS[2]

In 2024, Defendant Saccomanno was a correctional officer assigned to H-Unit at CCF. ECF No. 96-1 at 1 ¶¶ 2–3; ECF No. 111-1 at 12. Plaintiff worked as the porter for Unit E and was housed in cell H-E 206 for part of the year. ECF No. 111-1 at 2.

[2] The following facts come from the summary judgment record. Citations to the December 5, 2024 Code of Penal Discipline ("COPD") hearing transcript ("Tr."), found at ECF No. 96-4, are to the transcript's internal page and line numbers. Where facts are disputed, the Court views the record in the light most favorable to Plaintiff, the nonmovant.

Plaintiff alleges that on June 30, 2024, Defendant Saccomanno took him to clean an empty cell in H-Unit restrictive housing, while another staff member stood on the bottom tier. ECF No. 103-1 at 1 ¶¶ 1, 2, 9. Plaintiff testified that once they were inside, Defendant Saccomanno put her hand on his chest, backed him up against the wall, pulled down the front of his pants and touched his genitals. Tr. 19:25–20:05. Plaintiff then pulled his pants up and walked out. Tr. 20:09–20:11. Defendant Saccomanno denies that she sexually assaulted Plaintiff or engaged in any sexual behavior with or around him. ECF No. 96-1 at 2 ¶ 7; ECF No. 111-1 at 11.

Plaintiff states in an affidavit attached to his Response that he reported the assault in two Step 1 grievances that he gave to Officer Rinehart—one on June 30 and the second one in July 2024—and that neither were effectively processed. ECF No. 103-1 at 3 ¶¶ 12–13. Defendant Saccomanno's position is that there is no evidence that these grievances exist, and she notes that Plaintiff first made the allegations only after he was charged with sexual harassment in August 2024. ECF No. 111 at 2, 4, 8–9; ECF No. 96-1 at 2 ¶ 8.

On August 20, 2024, Defendant Saccomanno submitted an incident report stating that Plaintiff exposed his genitals to her through his tray slot, and Plaintiff was charged with sexual harassment. ECF No. 96-2; ECF No. 96-3. The next day, August 21, 2024, Plaintiff told Lieutenant Peiffer that a staff member had sexually touched him in a restrictive housing cell. ECF No. 103-1 at 42. Plaintiff's Prison Rape Elimination Act ("PREA") complaint was investigated by the Office of the Inspector General ("OIG") and closed as unsubstantiated in September 2024. ECF No. 103-1 at 49; ECF No. 111 at 2–3. Defendant Saccomanno acknowledges that the investigation concluded there was

not enough evidence to disprove Plaintiff's claims. ECF No. 111 at 2. However, Defendant Saccomanno cites the report from OIG that states that "it is more likely than not that [Plaintiff] reported this PREA claim in retaliation against Officer Saccomanno." ECF No. 96 at 3.

At the COPD hearing on December 5, 2024, which addressed Plaintiff's exposure of his genitals through the slot tray, Plaintiff pleaded not guilty. Tr. 11:5. After hearing testimony from Plaintiff and Defendant Saccomanno, the hearing officer found Plaintiff guilty and imposed thirty days loss of privileges. Tr. 34:18–35:1, ECF No. 96-6 at 2. No good-time credits were taken. *Id.* The officer did not make any findings about Plaintiff's June 2024 allegations or his claim of retaliation. Tr. 34:18–35:1. After ruling, the hearing officer stated that she was not aware of any PREA allegations against Defendant Saccomanno until Plaintiff raised them during the hearing, and she denied his request for a continuance. Tr. 35:2–36:2.

The central dispute before the Court at this stage is whether there exist genuine issues of material fact with respect to allegations that Defendant Saccomanno sexually assaulted Plaintiff on June 30, 2024. If there are, then a trial will be required. Plaintiff claims that Defendant Saccomanno did sexually assault him.. ECF No. 103-1 at 1–2. Defendant Saccomanno denies engaging in any sexual behavior with or around Plaintiff. ECF No. 111 at 6 (citing ECF No. 96-1); ECF No. 111-1 at 11.

## III. LEGAL STANDARDS

### a. Pro Se Plaintiff

Plaintiff proceeds pro se. Accordingly, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007). This standard "applies to all proceedings involving a pro se litigant, including . . . summary judgment proceedings." *Espinoza-Horiuchi v. Walmart Stores, Inc.*, 2016 WL 1275494, at *1 (D. Colo. Mar. 7, 2016). However, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Calbart v. Denver Sheriff Dep't*, 505 F. App'x 703, 705 (10th Cir. 2012).

**b. Motion for Summary Judgment under Rule 56**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party bears the initial responsibility of providing the court with the factual basis for its motion. *Id.* at 323. A fact is material if it "might affect the outcome of the suit under the governing law," and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The evidence is viewed in the light most favorable to the nonmovant, though conclusory or uncorroborated assertions unsupported by any evidence in the record are not, standing alone, sufficient to defeat summary judgment. *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir. 1999). At the summary judgment stage, the Court's function "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial," and credibility determinations "are jury functions, not those of a judge." *Anderson*, 477 U.S. at 249, 255. However, where the nonmovant's account is "blatantly contradicted by the record, so that no reasonable jury could believe it," the Court need not adopt it. *Scott v. Harris*,

550 U.S. 372, 380 (2007). Ultimately, the question before the Court is whether the evidence presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

### c. Qualified Immunity

Once qualified immunity is asserted, the plaintiff must show both that a constitutional right was violated and that the right was clearly established at the time, and the Court may address either prong first. *Saucier v. Katz*, 533 U.S. 194, 201 (2001); *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## IV. ANALYSIS

### a. *Heck* Does Not Bar Plaintiff's Claim.

When Defendant Saccomanno raised *Heck* in her earlier motion to dismiss, the Court concluded that "the fact that Plaintiff was convicted of sexually harassing Defendant in August 2024 does not foreclose the possibility that Defendant violated Plaintiff's constitutional rights by sexually assaulting him in June 2024." ECF No. 36 at 8. Defendant Saccomanno now argues that the COPD hearing transcript shows that the claim is barred by *Heck* and *Edwards v. Balisok*, 520 U.S. 641 (1997), because the hearing officer rejected Plaintiff's defense to the sexual harassment charge, which Defendant Saccomanno describes as "exactly the same as the allegations he is making in this lawsuit." ECF No. 111 at 8–9. The Court has reviewed the COPD hearing transcript, ECF Nos. 96-4, 96-6, and concludes that the record does not support dismissal on the basis of *Heck v. Humphrey*.

*Heck* precludes a § 1983 claim only where its success would "necessarily imply the invalidity" of a conviction or sentence. *Heck*, 512 U.S. at 487. The rule extends to prison disciplinary proceedings. *Edwards*, 520 U.S. at 648. However, the question is not whether the § 1983 claim merely relates to the disciplinary proceeding, but whether success on the § 1983 claim "would necessarily demonstrate the invalidity of [the discipline imposed] or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005). *Heck* also does not apply where a prisoner's § 1983 claim, if successful, would have no effect on his conviction or the length of his sentence. *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

The COPD record shows that the disciplinary findings were narrow. The charge concerned a single event: Defendant Saccomanno's report that on August 20, 2024, Plaintiff exposed his genitals to her through his tray slot. ECF No. 96-3; Tr. 3:2–6, 11:19–12:9. The only factual question the hearing officer asked Defendant Saccomanno was whether she gave Plaintiff directives that day. Tr. 30:21–22, 32:8–33:12. The hearing officer did not make a finding about any alleged assault in June 2024. Indeed, the hearing officer stated that she was unaware of any PREA allegations made by Plaintiff against Defendant Saccomanno until Plaintiff raised them at the hearing. Tr. 35:2–4. The hearing officer declined to continue the hearing to investigate the allegations further. Tr. 35:5–36:2.

Defendant's argument rests on the premise that the hearing officer rejected Plaintiff's defense (that Defendant Saccomanno's allegations were retaliatory for Plaintiff's PREA complaint) and that a verdict for Plaintiff here would invalidate his conviction. ECF No. 111 at 9. Defendant Saccomanno relies on *Brown v. Cline*, 319 F.

App'x 704, 705–06 (10th Cir. 2009). *See* ECF No. 96 at 6–7. But the claims in *Brown* were that the officer "filed false disciplinary reports in retaliation" and that the disciplinary hearing "was conducted improperly." These claims "necessarily implicate[d] the validity of the disciplinary charges and the sanctions imposed," which, in that case, included the loss of earned good-time credits. 319 F. App'x at 705. Plaintiff does not assert such a claim here. He brings a single Eighth Amendment claim based on an alleged sexual assault two months before Defendant Saccomanno's August 20, 2024 report of sexual harassment. A claim that a discrete, earlier assault occurred does not implicate the disciplinary conviction at all. A jury could find that Defendant Saccomanno assaulted Plaintiff in June without making any finding about whether Plaintiff exposed himself in August. And a finding that Plaintiff exposed himself in August does not necessarily imply that Defendant Saccomano did not assault the Plaintiff in June. Both could be true, and one verdict would not necessarily contradict the other. *See Havens v. Johnson*, 783 F.3d 776, 782–84 (10th Cir. 2015) (explaining that an excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer, and that the court must compare the plaintiff's allegations to the offense he committed).

Plaintiff's main defense in the COPD proceeding was that the August 20, 2024 incident did not happen as Defendant Saccomanno had reported it. Although Plaintiff referred to an earlier complaint and called Defendant Saccomanno's report retaliatory, the hearing officer made no finding on retaliation or as to the June allegations. *See* Tr. 7:5–8.1, 16:10–18, 19:9–20:11. The hearing officer found that the CDOC had proved the August 20, 2024 charge by a preponderance of the evidence. Tr. 34:18–23.

However, finding that Plaintiff exposed himself on August 20 did not require her to decide whether Defendant Saccomanno had assaulted Plaintiff two months earlier, and she did not attempt to do so.

In sum, factual disputes about what happened on August 20, 2024 do not preclude Plaintiff's claim that Defendant Saccomanno assaulted him in June 2024. To the extent the COPD record bears on Plaintiff's credibility, the Court considers it below. However, *Heck* does not bar Plaintiff's claim.

**b. Defendant Saccomanno's Credibility Challenge Does Not Defeat the Genuine Dispute of Material Fact as to Whether the June 2024 Assault Occurred.**

Defendant Saccomanno next argues that Plaintiff's claim is not supported by credible evidence. With respect to Plaintiff's Response, Defendant Saccomanno states that "[t]aken by itself, this would simply demonstrate a factual dispute," and that "the argument in the MSJ is not that there is not a factual dispute. Rather, the argument is that Plaintiff's version of events is not credible." ECF No. 111 at 10–11. But this is the very essence of a factual dispute. One person says something happened. The other person says it did not happen. It is not for the Court to decide on summary judgment who is telling the truth.

Credibility determinations and the drawing of legitimate inferences from the facts "are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1165–66 (10th Cir. 2008) (explaining that a court may not grant summary judgment based on its own perception that one witness is more credible than another, and further affirming the denial of summary judgment where the district court found a material question regarding an officer's credibility) (citing *Seamons v. Snow*, 206 F.3d 1021, 1026 (10th Cir. 2000)). Defendant Saccomanno's claim that

Plaintiff's version of events is "not plausible" is not a recognized basis for disregarding sworn affdiait testimony. Testimony may be disregarded as a matter of law only if it is inherently incredible, meaning that the events described were impossible "under the laws of nature" or the witness "physically could not have possibly observed" them. *United States v. Oliver*, 278 F.3d 1035, 1043 (10th Cir. 2001) (quoting *Tapia v. Tansy*, 926 F.2d 1554, 1562 (10th Cir.1991)). The standard is narrow and objective. Conflicting versions of events are "precisely within the province of the jury to resolve." *United States v. Cardinas Garcia*, 596 F.3d 788, 794 (10th Cir. 2010).

While some of the cases cited above arose in the criminal context, the principle applies with the same force at summary judgment under Rule 56, where the Court similarly may not weigh credibility. *Anderson*, 477 U.S. at 255. The authority that Defendant Saccomanno relies on does not authorize the Court to disregard Plaintiff's affidavit testimony. *See* ECF No. 103-1 at 2 ("On June 30, 2024, I, Nathaniel J. Harvey was sexually assaulted by Raven Saccomanno in H-Unit Bravo Restrictive Housing Cell 205 with a yellow painted door."). Defendant Saccomanno invokes the rule that a party's testimony may be disregarded where it contradicts the party's earlier sworn testimony without a good-faith basis. ECF No. 96 at 8 (citing *Delaney v. Deere & Co.*, 219 F.3d 1195, 1196 n.1 (10th Cir. 2000)); *see also Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir. 1986) (explaining that "courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue"). But Plaintiff's affidavit, while perhaps implausible, is not a sham affidavit that can be disregarded. Plaintiff's account of the alleged assault is consistent with the testimony he gave at the COPD hearing,

and the earlier "misstatements" that Defendant Saccomanno challenges concern collateral issues, not the central factual dispute of this case.

The fact dispute at issue is whether Defendant Saccomanno sexually assaulted Plaintiff in H-Unit restrictive housing on June 30, 2024. The fact is material because it is the basis for Plaintiff's Eighth Amendment claim, and the evidence presented is in direct conflict. Plaintiff says that the assault occurred. ECF No. 103-1 at 1–3, Tr. 19:9–20:11. Defendant Saccomanno says that it did not. ECF No. 96-1 at 2 ¶ 7; ECF No. 111-1 at 11. A verified account sworn on personal knowledge, setting out facts that would be admissible at trial, is competent summary judgment evidence. *Conaway v. Smith*, 853 F.2d 789, 792 (10th Cir. 1988); *Janny v. Gamez*, 8 F.4th 883, 901 (10th Cir. 2021) (citing *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir. 2010)); Fed. R. Civ. P. 56(c)(4). Defendant Saccomanno's argument that Plaintiff's version of events is unsubstantiated by other evidence goes to the weight of the evidence, not to whether it is evidence at all. *See Vette v. K-9 Unit Deputy Sanders*, 989 F.3d 1154, 1163 (10th Cir. 2021). Plaintiff's account is based on his personal knowledge and is not conclusory. And, "[e]ven standing alone, self-serving testimony can suffice to prevent summary judgment." *Janny*, 8 F.4th at 901 (quoting *Greer v. City of Wichita, Kan.*, 943 F.3d 1320, 1325 (10th Cir. 2019)). The question is not whether Plaintiff's account is corroborated, but whether the record so contradicts it that no reasonable jury could believe it. *Anderson*, 477 U.S. at 248; Scott, 550 U.S. at 380.

Moreover, Plaintiff's account does not stand entirely alone. A duty roster places Defendant Saccomanno in H-Unit on June 30, 2024. ECF No. 103-1 at 55–56. Defendant Saccomanno recalls that Plaintiff was authorized to clean restrictive housing,

where the alleged assault occurred. ECF No. 111-1 at 2, 5. Plaintiff has submitted statements from other inmates who say that Plaintiff cleaned restrictive housing in June 2024, that he worked with Defendant Saccomanno, and that Defendant sought him out. ECF No. 103-1 at 43, 53–54; ECF No. 31 at 13–15. Defendant Saccomanno disputes these accounts. ECF No. 111 at 6. The Court does not decide whose version is more persuasive. Defendant Saccomanno herself acknowledges that this evidence shows, at most, “an opportunity” for the assault. ECF No. 111 at 10–11. Opportunity, combined with Plaintiff’s sworn account, is enough to present a triable issue.

Defendant Saccomanno’s arguments otherwise fall into three categories, each of which asks the Court to weigh evidence or choose between competing inferences. First, Defendant Saccomanno points to two inaccurate statements Plaintiff made at the COPD hearing. The Court has reviewed the transcript and agrees that the statements were inaccurate: the PREA investigation did not find Plaintiff credible, and the record does not show that Defendant Saccomanno was demoted. Plaintiff concedes this. ECF No. 103 at 9. Defendant Saccomanno argues that Plaintiff offers no explanation for the statements, but Plaintiff’s admits this was speculation, and he identified the mistake. ECF No. 111 at 10; ECF No. 103-1 at 2. Whether that explanation is believable is a question of credibility for the finder of fact to decide. Further, the misstatements concern collateral matters including the outcome of the PREA investigation and Defendant Saccomanno’s employment status, rather than whether the alleged assault occurred. Defendant Saccomanno may present these issues to the jury, and jurors can decide what weight they deserve. *Fogarty*, 523 F.3d at 1165. That function cannot be usurped by the Court on a Rule 56 motion.

Second, Defendant Saccomanno argues that Plaintiff began making allegations against her only after he was charged on August 20, 2024, which suggests that his account is fabricated. ECF No. 111 at 4, 8–9. Plaintiff, on the other hand, says that he gave two grievances to Officer Rinehart in June and July 2024 but they were never processed. ECF No. 103-1 at 3. Defendant Saccomanno responds that no evidence of such grievances exists beyond Plaintiff's saying so. ECF No. 111 at 2. As noted above, however, a party's sworn statement is evidence, and whether and when Plaintiff first reported the alleged assault is a disputed fact. The competing inferences that could be drawn from the timing of the reports, including Plaintiff's August 21, 2024 report to Lieutenant Peiffer, are ultimately reserved for the jury. ECF No. 103-1 at 42.

Third, Defendant Saccomanno relies on the PREA investigation and the COPD conviction. Neither are dispositive. While the PREA investigation was closed as unsubstantiated, Defendant Saccomanno concedes that it found there was not enough evidence to *disprove* Plaintiff's claims. ECF No. 111 at 2. And the investigator's view that Plaintiff more likely than not made his report in retaliation is itself a credibility judgment that is reserved for the jury. Finally, as discussed above, the COPD conviction focused only on the August 20, 2024 incident. This is not a case like *Scott*, where video or other objective evidence "blatantly contradict[s]" a party's version of the central events. 550 U.S. at 380. That exception is generally limited to objective documentary evidence, rather than conflicting testimonial accounts. *Harvest Grp., LLC v. Love's Travel Stops & Country Stores, Inc.*, 90 F.4th 1271, 1283 (10th Cir. 2024) (citing *Vette*, 989 F.3d at 1164–65). Defendant Saccomanno does not identify any evidence of this kind. Instead, the evidence before the Court presents "a sufficient disagreement to

require submission to a jury." *Anderson*, 477 U.S. at 251–52. The Court therefore finds that a genuine dispute of material fact exists as to whether the alleged June 30, 2024 assault occurred. Plaintiff's credibility is a matter for the jury to decide.

**c. Defendant Saccomanno Is Not Entitled to Qualified Immunity.**

Defendant Saccomanno agrees that a prisoner's right to be free from sexual assault by correctional staff is clearly established. ECF No. 96 at 9; ECF No. 111 at 11. She argues instead that Plaintiff cannot show a constitutional violation. *See Saucier*, 533 U.S. at 201. As discussed above, Plaintiff has produced enough evidence to create a genuine dispute as to whether the alleged assault occurred. On this record, the Court cannot conclude as a matter of law that Plaintiff has failed to establish a constitutional violation. Defendant Saccomanno is therefore not entitled to qualified immunity at this stage.

## V. RECOMMENDATION

For the reasons set forth above, it is hereby **RECOMMENDED** that Defendant Saccomanno's Fed. R. Civ. P. 56 Motion for Summary Judgment, ECF No. 96, be **DENIED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

**recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148–53 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412–13 (10th Cir. 1996).**

Dated: November 5, 2025
Denver, Colorado

N. Reid Neureiter
United States Magistrate Judge